UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEX CHIP LITTLEBEAR,

                Plaintiff,

v.

DIANE C. TOLKEN-DECORY,

                Defendant.

CASE NO. 17-5259 RJB

ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE

      This matter comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1), and on review of the proposed complaint (Dkt. 1-1). The Court has considered the application and the remainder of the file herein.

      On April 5, 2017, Plaintiff filed a proposed civil rights complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 1

      **Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See*

28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is a prisoner and has received $44.27 in income over the last 12 months. Dkt. 1. He indicates that he has a little over $200.00 in a savings account, and has land he inherited that he values at $3.52. *Id*. Plaintiff states that he has no expenses. *Id.*

**Review of the Complaint.** The court has carefully reviewed the complaint in this matter. Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In his proposed complaint, Plaintiff discusses the circumstances of his adoption by the Defendant. Dkt. 1-1. He indicates that he feels harassed and threatened by Defendant, even though he is now an adult. Dkt. 1-1. As relief, he requests that the Court "nullify" his adoption file and take it "off [his] record so that it does not show anymore." Dkt. 1-1, at 5. Plaintiff also seeks damages of one half of Defendant's "financial account for as long as she has been able to prove she has adopted [him] in King County, court, or from the day [he] was adopted until the day [he] had become an adult." *Id.*

Plaintiff filed his proposed complaint citing 42 U.S.C. § 1983. Dkt. 1-1. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was

committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in a civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

Plaintiff has failed to allege that the Defendant was a state actor when she committed the acts of which he complains. Further, Plaintiff has not articulated "a right, privilege, or immunity secured by the Constitution or laws of the United States" that has been violated. *Parratt,* at 535. Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Further, federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of the parties. 28 U.S.C. § 1331 and 1332. A court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

There is no showing that the Court has subject matter jurisdiction in this case. Plaintiff does not identify a federal claim upon which he is seeking relief, so the Court does not have

federal question jurisdiction. Further, the Plaintiff and Defendant have Washington addresses, and so appear to be citizens of the State of Washington. Accordingly, the Court does not have diversity of citizenship subject matter jurisdiction. To the extent Plaintiff makes state law claims, the claims should also be dismissed without prejudice. Because the Court does not have original jurisdiction, it does not have supplemental jurisdiction over the state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 804-807 (9th Cir. 2001). The complaint is subject to dismissal without prejudice on the basis of jurisdiction alone. The Courts of Washington may have jurisdiction.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In this case, any attempt by Plaintiff to amend the complaint would be futile.

**Application to Proceed IFP Should be DENIED**. Plaintiff's application to proceed IFP (Dkt. 1) should be denied. As provided above, Plaintiff has failed to state a claim upon which relief may be granted in this court. His case should be dismissed without prejudice because amendment of the complaint would be futile. He should be denied IFP.

**IFP on Appeal.** In the event that plaintiff appeals this order, and/or appeals dismissal of this case, IFP status should be denied by this court, without prejudice to plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.*

**Future filings**. Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the court.

It is **ORDERED** that:

- Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) **IS DENIED**;

- This case is **DISMISSED WITHOUT PREJUDICE;** and
- In the event that plaintiff appeals this order, IFP status is **DENIED** by this court, without prejudice to plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.* Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of April, 2017.

*[signature]*

ROBERT J. BRYAN
United States District Judge